KAVANAUGH, Circuit Judge,
concurring:
As this case demonstrates, billions of dollars and the fates of entire industries can ride on the Copyright Royalty Board’s decisions. The Board thus exercises expansive executive authority analogous to that of, for example, FERC, the FCC, the NLRB, and the SEC. But unlike the members of those similarly powerful agencies, since 2004 Copyright Royalty Board members have not been nominated by the President and confirmed by the Senate. Instead, as a result of a 2004 statute, Board members are appointed by the Librarian of Congress alone. Board members are removable by the Librarian, but only for cause. Moreover, in exercising important duties, Board members are apparently unsupervised by the Librarian of Congress or by any other Executive Branch official.
The new statutory structure raises a serious constitutional issue. Under the Appointments Clause, principal officers of the United States must be nominated by the President and confirmed by the Senate. U.S. Const, art. II, § 2, cl. 2. Copyright Royalty Board members plainly are officers of the United States. And they appear to be principal officers — not inferior officers — because they are not removable at will and their decisions regarding royalty rates apparently are not reversible by the Librarian of Congress or any other Executive Branch official. See Edmond v. United States, 520 U.S. 651, 662-66, 117 S.Ct. 1573, 137 L.Ed.2d 917 (1997); see also 17 U.S.C. §§ 701, 801-03; Tr. of Oral Arg. at 24 (Government counsel agreeing *1207 that Librarian of Congress and Register of Copyrights cannot change copyright royalty rates set by the Board).
If the members of the Board are in fact principal officers, then the present means of appointing Board members is unconstitutional. But no party here has timely raised a constitutional objection. We therefore may resolve the case without deciding whether the Board is constitutionally structured, and so I join the opinion of the Court.